## PEARSON v. MITCHELL.

1. An indorsee of a note instituted suit against the maker to the County Court of the county in which he resided, and which was the first court after the maturity of the note, which writ was returned *not found*, whereupon he dismissed the suit and commenced anew to the next court held for the county, which was the Circuit Court; obtained judgment and return by the Sheriff of no property found—Held that in a suit by the endorsee against the endorser a declaration alledging these facts was good.

Error to the Circuit Court of Marengo.

THIS was an action of assumpsit in the court below by the plaintiff in error as assignee against the defendant, as assignor of a promissory note. The note fell due 1st January, 1837. The plaintiff sued out a writ against the maker returnable to the February term of the County Court of Marengo, that being the county in which he resided, and the first court to which suit could be brought. The writ being returned not found, the plaintiff did not sue out an alias, but dismissed the suit and commenced a suit returnable to the March term, 1837, of Marengo Circuit Court, upon which judgment was obtained; and to an execution issued thereon the sheriff made return of no property found. To the declaration, which alledges these facts, the defendant demurred and the court sustained the demurrer, and rendered judgment for the defendant, from which this writ of error is prosecuted. The error assigned is the judgment of the court on the demurrer.

MURPHY AND JONES for plaintiff in error, cited Aik. Dig. 328, 30; 3, Littell Rep. 132; 2, Porter 456; 5th Stew. and Porter 96.

PECK, contra.

ORMOND J.—The judgment of the court below is defended in this court on the ground that the 12th and 16th sections of the law by which this proceeding is governed, Aik. Dig. 329, 30, must be considered together; and that considered in con-

nection it is plain that the Legislature intended that the suit which was required to be brought *to the first court to which suit can can be brought,* should be prosecuted to a return of "no property found."

In this case a suit was brought to the proper court, and at the proper time, and the writ being returned *non est,* the plaintiff dismissed the suit and commenced anew to the next court to be held in the county; the first suit being brought to the county and the latter to the Circuit Court. This we think sufficient not only upon a fair interpretation of the statute considering its scope and design and the mischiefs intended to be prevented, but that the case is brought within its literal interpretation. Here is a suit brought to the first court to which suit could be brought, and without any delay a judgement is obtained against the maker of the note and a return of "no property found." It is true the judgment is not obtained on the writ first sued out; nor does the statute require it, such a construction of the statute would leave a party remediless when he was obliged to submit to a nonsuit; or when a judgment was obtained on demurrer. Such could not have been the intention of the Legislature. When the writ in this case was returned " *non est,*" there was no obligation on the plaintiff to sue out an alias writ; all that the statute required of him was to continue his pursuit of the maker without delay; and this would be as certainly accomplished by commencing anew in the same court as by suing out an alias writ. This being the case what possible objection can there be to commencing anew in a court, where as the return would be sooner made, the judgment would be obtained sooner.

The plain design of the statute was in cases not commercial, to simplify the remedy against endorsers and to substitute for demand and notice a speedy pursuit of the maker to judgement and a return by the sheriff of no property found, which the statute makes evidence of his inability to pay. To accomplish the object in view by its enactment it has always received in this court a liberal interpretation. Thus it has been held that, when from the absence of the maker from the state, he cannot be sued here, that the suit required to be brought as the condition of the liability of the endorser may be dispensed

with, and that the assignee is not bound to sue out of this State. [See Roberts v. Kilpatrick, 5 Stew. and Por. 96 ; Woodcock v. Campbell. 2 Porter, 456.]

In the present case, as before observed, the statute has been literally complied with, by bringing suit against the maker, to the first term to which suit could be brought, and a pursuit without delay to judgment, and the return of the sheriff required by law. That a new suit was commenced, instead of continuing the first ineffectual writ, is not objectionable. The statute does not in terms require the first ineffectual writ to be prosecuted. But as its whole scope and design requires a vigilant pursuit of the maker, any unnecessary delay in commencing another suit, or in prosecuting the first, would doubtless discharge the endorser. Such has not been the case here, but on the contrary, extraordinary diligence, a diligence beyond the exactions of the statute, has been employed.

It follows from what has been said, that the judgment of the Court below, sustaining the demurrer to the declaration, is erroneous, and it is therefore reversed, and the cause remanded for further proceedings.