# LINDSAY vs. WILLIAMS.

1. This Court is judicially bound to know at what times the terms of the several Circuit and County Courts are held.
2. If the holder of a promissory note not negotiable in bank is ignorant of the residence of the maker and cannot by diligent inquiry ascertain it in time to sue to the first court, it is a sufficient excuse for his failure to do so, and the endorser will not be discharged.

3. In an action against the endorser of a promissory note, an averment that the court to which the suit against the maker was brought was the first court to which it could be brought "after the plaintiff by prompt and diligent inquiry ascertained that the maker resided in Macon county," is bad on demurrer. The excuse should be distinctly avered, and not left to implication.

Error to the Circuit Court of Macon. Tried before the Hon. John J. Woodward.

DOUGHERTY, for plaintiff: The statute is intended to provide a substitute for demand and notice as required by the law merchant, and what would have excused the want of demand and notice or either at common law will excuse the failure to bring suit to the first court, under the statute.—Pearson v. Mitchell, 2 Ala. 736 ; Bishop and Bradford, 14 ib. 517; S. C. 16 ib. 769. Tested by these principles, the second count was sufficient.—Chitty on Bills, 591-2.

McLESTER & McIVER, for defendant.

DARGAN, C. J.—This suit is brought on a promissory note made by Jonathan Nix, payable to the defendant, and by him endorsed to the plaintiff. The first count avers the endorsement to have been made on the 11th day of January 1847, and that suit was brought against the maker to the spring term of the Circuit Court of Macon, (being the county of the maker's residence,) which was the first court after the endorsement was made to which suit could be brought. The recovery of judgment and return of the execution by the sheriff, " no property," is also alleged. The second count avers the making of the note, the endorsement, the bringing of suit to the next term of the Circuit Court of Macon county, and also contains an averment that the spring term of the Circuit Court was the first court to which suit could be properly brought against the maker, after the plaintiff, by prompt and diligent inquiry, ascertained that he resided in Macon county. The defendant demurred to both counts, and the court sustained the demurrer and gave judgment for the defendant.

In order to fix the liability of an endorser of a promissory note not negotiable in bank, the holder must sue the maker in

Lindsay v. Williams.

the county of his residence to the first court to which suit can be properly brought after the note falls due, or after the endorsement is made, if the note be over due when it is endorsed; and upon the rendition of judgment and the return of an execution "no property," he may sue the endorser.—Bradford v. Bishop, 14 Ala. 577; Pearson v. Mitchell, 2 Ala. 736. If the holder fail to sue the maker to the first court to which the writ could properly be made returnable, the endorser is discharged, unless the plaintiff can show a sufficient excuse for such failure. By these rules it is apparent that the first count is defective, for we are judicially bound to know that the first court to which the plaintiff could have sued after the day of endorsement as alleged was the County Court of Macon, which by law was held on the third Monday of January 1847, and before the spring term of the Circuit Court for that county. But it is insisted that the second count contains a sufficient excuse for not suing to the February term of the County Court. We should hold, if an endorser did not know in what county the maker resided, and could not by diligent inquiry ascertain the county of his residence in time to sue to the first court, that this would be a sufficient excuse for failing to sue to the first term, and I think it may well be questioned whether it would not dispense with the necessity of a suit altogether, even if the holder by inquiry should afterwards ascertain the residence of the maker. But when the holder relies on an excuse for the non-performance of a prerequisite to the absolute liability of an endorser, the declaration must aver the facts which constitute the excuse.—Chitty's Pl. 329; Glover v. Tuck, 24 Wend. 153. The excuse in this case is, that the plaintiff did not know in what county the maker resided, and could not ascertain it by inquiry in time to sue.— These facts should be distinctly avered. The allegation on this declaration is that the spring term of the Circuit Court was the first court to which suit could be brought after the plaintiff by prompt and diligent inquiry ascertained that the maker resided in Macon county. The time when the inquiry was made is not shown by this averment, nor is it shown but by intendment that the plaintiff was ignorant of the residence of the maker. We think this averment too uncertain, and that the demurrer was correctly sustained.

Let the judgment be affirmed.