195 So. 230
**FRANKLIN v. ALL STATES LIFE INS. CO.**

4 Div. 137.

Supreme Court of Alabama.
March 14, 1940.

Rehearing Denied April 11, 1940.

Farmer, Merrill & Harrison, of Dothan, for appellee.

W. Perry Calhoun and Emmet S. Thigpen, both of Dothan, for appellant.

BROWN, Justice.

Special assumpsit by the beneficiary on a policy of life insurance covering the life of the plaintiff's husband, Martin D. Franklin. The complaint consists of a single count in form prescribed by the statute, Code 1923, § 9531, Form 12.

The defendant pleaded what the court and the parties treated as the general issue, which in actions of assumpsit is "an averment that the allegations of the complaint are untrue," Code 1923, § 9470; and special pleas 2, 3 and 4, asserting in slightly varying phraseology that said policy lapsed for the nonpayment of a quarterly premium of $11.08, due November 13, 1938.

From the filing of these pleas the parties plead down to surrejoinders. The defendant thereupon filed pleas A and B, and the process of pleading down to surrejoinders was repeated, finally resulting in voluntary nonsuit, because of the court's rulings adverse to the plaintiff, from which she appealed.

The plaintiff's answer asserted, first by replication to the special pleas, was that although the insured failed to pay one of the quarterly premiums within the grace period, that it was afterwards paid by check; that the defendant "with knowledge" indorsed and cashed the check and retained the proceeds thereof for several months, and did not offer to return the same until after the death of the insured.

The defendant's rejoinders to the plaintiff's first set of replications surviving the defendant's demurrers are but a repetition, as to the material facts, of the averments of said special pleas, and the court erred in overruling the plaintiff's motion to strike the rejoinders. Hightower et al. v. Ogletree, 114 Ala. 94, 21 So. 934. For this error the judgment will be reversed.

In view of the trial to follow we deem it not improper to say that defendant's first set of special pleas assert the forfeiture merely by pleader's conclusion, but their sufficiency was not tested by demurrer.

Pleas A and B are not subject to that defect. The plaintiff's replications surviving demurrer were also defective in not averring that the defendant with knowledge of the insured's illness indorsed and collected said check and retained the proceeds thereof. Those defects probably led to the long drawn out course of pleading and to prolixity.

Notice or knowledge of the increased risk arising from the then illness of the insured was an essential fact in determining whether or not the acts of the defendant constituted a waiver. A waiver once effected can not be recalled. Washburn, Adm'r v. Union Central Life Insurance Co., 143 Ala. 485, 38 So. 1011.

The other questions argued may not arise on another trial.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.