WILLIAM H. Fox, Appellant, *v.* JOHN B. IRELAND, Respondent, Impleaded with JOHN H. PARKER and Others.

*Negligence — an owner whose building falls during its construction — what he must show in reference to the architect in order to exonerate himself.*

An owner of land who employs a competent architect to draw plans for, and to superintend the construction of, a great building, and commits the entire subject to the architect, and does not interfere with, direct or control him in any way, is not liable to a person injured in the collapse of the building resulting from the settling of a supporting column in consequence of the concrete foundation of the column having been built in part on the wall of an old cistern in violation of the contract, and of the architect having been guilty of negligence in directing the foundation to be made twelve inches thick instead of eighteen inches as required by the contract.

In such an action the owner must show that the education, knowledge or experience of the architect was such that the owner was entitled to rely upon his supposed competency; it is not enough for him to say that he relied upon the approval of the plans by the building department of the city as a certificate of the architect's competency.

APPEAL by the plaintiff, William H. Fox, from so much of a judgment of the Supreme Court in favor of the defendant, John B. Ireland, entered in the office of the clerk of the county of New York on the 27th day of June, 1899, as dismissed the complaint as to said defendant, which judgment was rendered by direction of the court after a trial before the court and a jury, and also from an order entered in said clerk's office on the 27th day of June, 1899, denying the plaintiff's motion for a new trial, as against the defendant, John B. Ireland, made upon the minutes.

The plaintiff was a plasterer employed by one Guider, to whom the defendant Parker, who had the contract for the construction of the building, had sublet a portion of the contract.

*Charles J. Patterson,* for the appellant.

*Ira D. Warren,* for the respondent.

PATTERSON, J. :

This appeal is taken by the plaintiff from a judgment in favor of the defendant, John B. Ireland, entered upon a dismissal of the complaint (as to Mr. Ireland) in an action to recover damages for personal injuries.

The accident, which resulted in the grievous injury sustained by the plaintiff, was due to the insecurity of the foundation of one of the middle row of columns which supported a large structure being built upon the defendant's land. There can be no doubt of the facts connected with the cause of the accident. On the middle line of the building, at equal intervals of space, were five cast iron columns running from front to rear. The weight of the center of the superstructure, a building some eight stories high, bearing upon one of these columns, drove it through the insufficient foundation upon which it rested and caused the interior of the building, in which the plaintiff was working, to fall. The column was driven some seven and one-half feet into the earth. The defendant Ireland had, as

owner, entered into a contract with one Parker for the construction of the building. The foundations in the cellar under the supporting columns were required to be of concrete, stone and iron. By the terms of the contract the concrete was to be eighteen inches thick and nine feet six inches square; upon that was to be laid a slab of Greenwich stone, a foot thick and six feet square, and upon the stone an iron plate twenty-eight inches square and about three and one-half inches in thickness. On each plate a column was to rest. The building was to be constructed according to plans and specifications prepared by one Behrens, named in the contract as architect. These plans were approved by the building department. There is evidence to show that the architect also was the superintendent of the work for the defendant, and that he (the architect) gave instructions to Parker's foreman to make the concrete bed only twelve inches thick, instead of eighteen. The concrete bed under the column that gave way was laid partly on earth, but it rested partly on the wall of an old cistern, the existence of which seems to have been unknown to any one when the plans were prepared or the foundations for the columns located on the plans. That part of the foundation of the column built over this cistern wall met with greater resistance in settling than the rest of it, and as a consequence of the excessive weight upon the insufficient foundation the building fell at this, its weakest point, carrying the plaintiff down with it in its fall. The contract with Parker contained the following provision: "No concrete shall be laid in trenches until same has been examined by the architect, as concrete must not be laid on a disturbed bottom. No finished concrete work will be accepted unless same has been approved by the architect before being covered over or built upon." The trenches for the foundations of the columns were dug by one Garry under a separate contract made with Mr. Ireland, but it would seem that all of that work was to be done under the superintendence and inspection of Behrens, the architect. The evidence tends to show that the original plan of the foundations for the columns to support the superstructure was defective. At all events it fairly establishes that the alteration in the depth of the concrete from eighteen to twelve inches was negligent construction. It does not appear satisfactorily that Behrens inspected the work of laying the foundations for the columns, although Parker's foreman

swears that he received his instructions from Behrens as to the depth or thickness of the concrete as it was actually laid.

Although Parker was an independent contractor, Mr. Ireland would still be liable unless he had discharged the duty which devolved upon him of taking such means either by himself or through others, as would make the foundations of the building safe for the plaintiff and others working on the superstructure. If Mr. Ireland had undertaken to prepare the plans for this building and to superintend its construction, and by reason of defects in the plans or of carelessness in construction a person lawfully upon the building or employed therein had been injured, the liability of the owner plainly would have been made out, as was held in *Pitcher* v. *Lennon* (12 App. Div. 356), and the fact that the plans were passed upon and approved by the department of buildings of the city of New York would not have relieved the owner from responsibility, as was also held in the same case. But where an owner employs a competent architect to draw plans and superintend the construction of a great building, such as that which the defendant Ireland was engaged in erecting, we think he discharges his duty if he commits the whole subject to a fully qualified architect and does not, in any way, interfere with, direct or control him. We are of the opinion that this case is to be disposed of, as the proofs are now before us, by considerations relating to the competency of the architect and the right of the defendant Ireland to rely upon the skill and fidelity of the architect.

The cause of the falling of the building was, undoubtedly, the insufficient foundation for the column. It was built partly over the old cistern wall on disturbed ground, contrary to the requirements of the contract. The architect could have prevented or corrected that. Had the plan been different, or had no alteration in the depth of the concrete as called for by the plans been made, or had the superintendence of the work been more efficient, the accident would not have occurred. The owner would have had the right to rely upon plans drawn by a skillful architect, because the work of devising and providing for the erection of a great building is a matter which requires special and, to some extent, scientific knowledge. One of the engineering witnesses for the plaintiff said that it requires a man who has had experience or education to enable him

to apply the principles of engineering in order to calculate the adverse strains in metals or building material. An architect is the recognized authority in such matters. In the case of Burke against this same defendant (26 App. Div. 488) it was held, in an action growing out of this same accident, that an owner of land who has employed a competent architect to design a building to be erected thereon and has fairly committed the subject-matter to him, is not liable to an employee of the contractors who have agreed with the owner to construct the building according to design, for faults or defects in it, of which the owner neither knew nor should have known, provided the defects in the design did not proceed from his interference or direction ; and it was further held that, although the owner is, *prima facie*, liable, where a building is inherently defective or dangerous, he may escape the liability upon the ground that he employed a competent architect. There is evidence here tending to show that the original plans were faulty, and quite conclusive proof that the bed of twelve inches of cement was altogether inadequate for safety especially as it was laid. We do not overlook the fact that the cement was laid on a disturbed bottom, nor the contention of the appellant that it was negligence of the owner in failing to provide an undisturbed bottom. The contract prohibited the use of a disturbed bottom, and the owner had carefully guarded against such use. He had in effect prohibited it and had stipulated that concrete work would not be accepted unless approved by the architect before being covered or built upon. The direct responsibility of seeing to the performance of that part of the contract was with the architect. If he were negligent in the discharge of his duty in the superintendence of the work, a question may arise which we do not feel called upon to decide now in view of the main consideration which calls for a reversal of the judgment.

Without adverting to other matters elaborately discussed by counsel, we think the nonsuit was improperly directed, because the defendant Ireland is not exonerated from liability, it not being shown that he employed a skilled and competent architect, and that he relied upon him both for the preparation of plans and the superintendence and inspection of the work, and that he did not interfere with the architect in the discharge of the duties the latter assumed

to perform for the owner. The defendant's position is defective, in that there is nothing in the record to inform us who Mr. Behrens, the architect, was, or whether he was competent, or what education, knowledge or experience he had, or what his capacity was, to deal with so large and important a subject as the planning and erection of this great building for Mr. Ireland. The owner is called upon to show further that he did not control, direct or interfere with the architect in any manner. It will not suffice to say that Mr. Behrens was a skilled architect, because Mr. Ireland considered him such, or the architect represented himself to be such, as by signing the plans; nor is it enough for the defendant to say that he relied upon the approval of the plans by the building department as a certificate of capacity or competency of the architect he employed.

For the want of evidence to show that Mr. Ireland could rightfully rely upon the architect he employed, the judgment and order must be reversed and a new trial ordered, with costs to the appellant to abide the event.

O'BRIEN, INGRAHAM and McLAUGHLIN, JJ., concurred; VAN BRUNT, P. J., concurred in result.

Judgment reversed, new trial ordered, costs to appellant to abide event.