■ SUBURBAN CLUB OF LARKFIELD, INC., Respondent, v. TOWN OF HUNTINGTON, Appellant.— Order of the Supreme Court, Suffolk County, dated April 4, 1968, modified by striking out the word " May " from the second ordering paragraph and by substituting therefor the word " June ". As so modified, order affirmed, without costs. We agree with the determination of the Special Term. However, it appears that the appeal herein is being decided on the day of the commencement of the May Term in Suffolk County. Consequently, the order should be modified so as to direct that the case be placed on the calendar for the opening of the June Term instead of that for the May Term. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Martuscello, JJ., concur.

■ THOMAS E. HOAR, INC., Appellant, v. JOBCO, INC., Defendant, and DONALD J. COLASONO et al., Respondents.— Two orders of the Supreme Court, Nassau County, dated April 7, 1967 and May 22, 1967, respectively, affirmed, with one bill of $10 costs and disbursements. No opinion. Brennan, Acting P. J., Rabin, Benjamin and Munder, JJ., concur; Martuscello, J., dissents and votes to reverse the orders and to dismiss the first three defenses in the answer of defendants Colasono and Petrides. Plaintiff sued defendant builder, Jobco, Inc., and defendant architects, Colasono and Petrides, for their alleged negligence in building and designing its building. As a result of the alleged negligence the building was flooded and damage was caused to plaintiff's inventory. Defendant architects interposed a general denial and four affirmative defenses. Plaintiff moved to dismiss three of these defenses as a matter of law. This motion was denied, as was a subsequent motion to renew and reargue, by the two orders under review, respectively. The three defenses in question are: (1) defendant architects had filed and received prior governmental approval of the plans; (2) there was no privity between plaintiff and the architects; and (3) defendant architects did not supervise the construction of the building. I find these defenses improper. Prior governmental approval is not an affirmative defense to a suit for negligent design (*Pitcher* v. *Lennon,* 12 App. Div. 356, 361; *Fox* v. *Ireland,* 46 App. Div. 541, 544; *Burke* v. *Ireland,* 47 App. Div. 428, 431, revd. on other grounds, 166 N. Y. 305). The question of privity is for plaintiff to prove in his prima facie case. If he fails to do so he must establish that the building as designed was inherently dangerous (*Inman* v. *Binghamton Housing Auth.,* 3 N Y 2d 137). Lack of supervision is not germane where the allegation of negligence involves negligent design. Furthermore, there is no allegation of supervision. In view of the foregoing the first three affirmative defenses should be dismissed as a matter of law.