## Steele *v.* Tutwiler.

### *Ejectment.*

| 57 | 113 |
| 104 | 668 |
| 57 | 113 |
| 114 | 106 |
| 57 | 113 |
| 121 | 220 |

1. *Pleas; allowance of, when discretionary with primary court.*—It is within the discretion of the primary court to allow or reject additional pleas proposed to be filed, after the defendant has pleaded and the time for pleading, as prescribed by the rules of practice, has passed; and the exercise of this discretion is not revisable.

2. *Demurrer, rulings on; when not subject of revision.*—Rulings or judgment on demurrer to pleadings must appear otherwise than in bill of exceptions, or they are not the subject of revision.

3. *Administration bond; surety on, what can not set up.*—A surety upon an administration bond, whose lands were sold under executions against him from the probate court, after return of no property against the administrator on final settlement, can not set·up irregularities in the proceeding, to defeat ejectment by the purchaser.

4. *Evidence; general objection to admissibility.*—The proceedings had on final settlement, and the administration bond, are essential to be shown to entitle the purchaser at sheriff's sale to recover, and if parts of the transcript of proceedings thus offered are inadmissible, the party objecting should point them out; failing in this, a mere general exception can not avail him.

APPEAL from Circuit Court of Greene.

Tried before Hon. L. R. SMITH.

This was an action of ejectment brought by the appellee, Tutwiler, against the appellant. Tutwiler claimed the lands

(9)

[Steele v. Tutwiler.]

as purchaser at a sheriff's sale of them, made under an execution against the appellant as surety on the administration bond of one S. P. Steele, after a return of "no property" against the administrator. On the trial, Steele filed several pleas, which asserted, in substance, that he signed the bond of the administrator under an oral agreement with him that another solvent surety should sign it, and delivered it to him as an escrow, until signed by such other surety. A demurrer to these pleas being sustained, he offered to file additional pleas, which the court, on the objection of the opposite party that they were not offered in time, refused to allow filed. The demurrer to the pleas appear in the record, but the action of the court on them is shown only by the bill of exceptions. The bill of exceptions recites that " the plaintiff offered in evidence a transcript from the probate court showing the final settlement and proceedings thereunder of S. P. Steele, as administrator, to the introduction of which the defendant objected, and his objection being overruled, he excepted."

The refusal of the court to allow the filing of the additional pleas ; the sustaining of the demurrer to the pleas filed, and the admission of the transcript from the probate court, are now assigned as error.

SNEDICOR & COCKRELL, for appellant.

W. & J. WEBB, contra.

BRICKELL, C. J.—It rested within the discretion of the Circuit Court to allow or to reject the additional pleas proposed to be filed, after the defendant had pleaded, and the time for pleading, as prescribed by the rules of practice, had passed. The settled practice of this court is not to revise the action of the primary courts on matters committed to their discretion.—Hair v. Moody, 9 Ala. 399.

The rulings or judgment of the court on demurrers to pleadings must appear otherwise than in the bill of exceptions, or they are not the subject of revision. We have no doubt, however, of the correctness of the judgment of the Circuit Court sustaining the demurrers to the special pleas. They proposed to impeach collaterally the regularity of the proceedings resulting in the sale by the sheriff of the lands in controversy. If the matter of the pleas was available to the appellant, it was only in a direct proceeding controverting his liability as surety on the administration bond, not

indirectly, by controverting the title of the purchaser at the sheriff's sale.— *Ware v. Bradford,* 2 Ala. 676.

The objection to the introduction of the transcript from the court of probate, " showing the final settlement and proceedings thereunder of Sydney P. Steele," as administrator of Tobias Cox, deceased, was general and undefined. Such objections are not favored, " and it may be laid down generally that if the party making them will not particularize, the court is not bound to cast about it for the grounds upon which, in the mind of counsel, they are rested, but may properly disregard them."— *Wallis v. Rhea,* 10 Ala. 453. It was certainly essential to show there was a decree of the court of probate rendered against the administrator for money, and the administration bond, on which the appellant was liable as surety. These facts appear in the transcript, and a certified transcript from the court of probate, was the proper mode of proving them. If there be parts of the transcript inadmissible, which we do not intimate, they should have been pointed out, and specific objection made to them. A general objection to evidence partly admissible, and partly inadmissible, is properly overruled.—1 Brick. Dig. 886, § 1186.

We find no error in the record prejudicial to the appellant, and the judgment is affirmed.