# Chandler v. Riddle & Co.

## Action on Official Bond of Sheriff.

1. *Refusal to allow pleas; when discretionary.*—The refusal to allow the filing of pleas setting up special defenses to the action, after the time has passed within which pleas are required by law to be filed, and the cause has by agreement been set down for hearing, is within the irrevisable discretion of the court.

2. *When sureties on bond of sheriff liable for his refusal to pay money on order of court.*—When a sheriff receives money, the proceeds of sales of attached property sold by him because the expense of keeping is very great, which money belongs to plaintiff in attachment, and refuses on order of court to pay it to the plaintiff, the sureties on his official bond are liable, in the absence of a special plea showing that they are not liable for the default.

3. *When receipt of other funds by plaintiff not available to sureties.* When a sheriff refuses to pay over money to plaintiff in attachment on order of court, the fact that the plaintiff has received other funds, the proceeds of attached property, claimed as exempt, held by plaintiff under a bond executed under Code of 1896, §2049, and has applied such funds to the payment of a judgment in trespass in favor of a third person for the wrongful taking of the property, is not available as a defense to the sureties on the sheriff's bond.

APPEAL from Gadsden City Court.

Tried before Hon. JOHN H. DISQUE.

The facts of the case are sufficiently stated in the opinion. The cause was tried by the court without a jury, and upon the hearing of all the evidence, the court rendered judgment in favor of the plaintiffs. The defendants appeal, and assign as error, among other things, the rulings of the court in striking from the file, the defendants' 3, 4, 5 and 6 pleas, in overruling objections to the order requiring the sheriff to pay over the money to plaintiffs, and in rendering judgment for the plaintiffs.

BURNETT & CULLI, for appellants.—Each of defendants' pleas was a plea to the merits, and it was a matter of right for defendants to file them.—*Wagner v. Turner,* 73 Ala. 198. The money in the sheriff's hands was the

property of a stranger; he nor his sureties were bound by the order of which the sheriff had no notice, when the evidence shows the sheriff did not have the money in his hands at the time of such order.—*City Council v. Hughes*, 65 Ala. 204; *Bruner v. Bryan*, 50 Ala. 522-527; Croker on Sheriffs, (2nd Ed.) 856, 858. The law applied the proceeds of the exempt property to the satisfaction of plaintiffs' debt. The order of the court was void, because violative of Sec. 2959, Code of 1886, requiring the sheriff in such cases to pay the money into court.

DORTCH & MARTIN, *contra.*—Code of 1886, §2959, requiring the sheriff to pay money into court, does not render void an order thereafter made requiring the money paid to plaintiffs. The refusal of the court to allow special pleas presenting technical defenses, after the cause had been repeatedly continued with pleas on file, was proper. The general issue presents only questions the burden of proving which is on the plaintiff to sustain his action.—108 Ala. 658. That the money was converted before the bond sued on was given was matter for special plea only. The sheriff has no interest in nor control over property or its proceeds held by the plaintiff under bond executed under Sec. 2523, Code of 1886. The averments of the complaint being proven, plaintiff is entitled to recover as against a plea of the general issue.

COLEMAN, J.—Appellees, plaintiffs, sued William Chandler as sheriff and his sureties for a breach of his official bond, executed April 11, 1891, the breach alleged being a refusal to pay over money upon the order of the court, the money being the proceeds of goods sold by him as sheriff. The plaintiffs and other creditors of John J. Walker sued out attachments against him, which were levied upon a stock of goods as the property of the defendant in attachment. These goods, except those claimed as exempt, were sold by the sheriff without an order of court, for the reason that the charge of keeping them was very great, and received therefor, as shown by his return, about four hundred dollars. This sale was made and money received during the year 1890, before the execution of the bond sued upon. The claim

[Chandler v. Riddle & Co.]

of exemption was contested and resulted in favor of plaintiffs, who had given bond as provided in section 2049 of the Code of 1896. These goods were sold and the purchase money received by the plaintiffs, Riddle & Co. During the pendency of the attachment suits, one T. F. Barker claimed the goods levied upon and sued the plaintiffs in attachment in trespass and recovered a judgment against them for about eight hundred dollars. Thereupon it was agreed between all the plaintiffs in the several attachment suits whose attachments had been levied upon the property claimed by Walker as exempt, that S. W. Riddle & Co., present plaintiffs, should apply the proceeds of the property claimed as exempt by Walker in satisfaction of the judgment and costs recovered by Barker. This was done. The plaintiffs, S. W. Riddle & Co., recovered judgment against Walker on their attachment suit on the 10th day of April, 1891, one day prior to the execution of the bond, the foundation of the present action. On the 24th of April following the judgment, the court, upon motion of plaintiffs, ordered "that so much of the proceeds of sale under the attachment in this case, and now in the hands of the sheriff of Etowah county, as may be necessary therefor, be and the same is hereby condemned to the satisfaction of the judgment recovered in this case, and the sheriff is hereby ordered to pay the same to plaintiffs or their attorneys."

We have stated all that is necessary for a proper understanding of plaintiffs' case. The suit began in July, 1896, and on September 15, 1896, the defendant sheriff filed his pleas. The record then shows that all of the defendants appeared in court, and withdrew the demand which had been previously made by the sheriff for a jury, and by agreement of parties the case "was set for trial on December 5th, 1896, and judgment to be rendered and entered as of this term." On February 5th, 1897, the sureties filed six pleas, from one to six inclusive. The first plea was, "that they were not guilty of the matters and things therein averred." 2d, they deny each and every allegation of the said complaint. 4th, there is no consideration for the execution of said bond. The other pleas set up the defense, that the sheriff had squandered and misappropriated the money arising from the sale of said property, long before the execution of the bond sued upon. Upon the motion of the plaintiffs, these pleas, except the first and second,

[Chandler v. Riddle & Co.]

were stricken from the files, upon the ground "that said pleas were not filed in time." The first and second pleas raised the question of the liability of defendants upon the merits of the case as presented in the complaint. The defense set up in the 3d, 5th and 6th could be set up only by special pleas. The 4th is indefinite and defective, and we will not consider it.

That these special pleas were filed after the time specified for filing pleas cannot be controverted. No reason is shown for the delay. We are of opinion that the filing of the pleas at the time was within the discretion of the court, and the exercise of this discretion, under the facts, is not revisable. This conclusion eliminates from the case all meritorious defense under the pleas upon which issue was joined. It was not a matter available to defendants that the proceeds of the exempt property was applied to the satisfaction of the Barker judgment. The money which the sheriff received and refused to pay over, was received by him from the sale of other property. Plaintiffs' attachment, according to the evidence, was the older and had priority. Further, the order of the court to pay the money over to the plaintiffs found that the sheriff then had the money in his possession. We must presume that the sheriff made return to the court of the sale of goods sold by him and of the proceeds received. If he did not have the money in possesion, it was his duty to have raised the question when the motion was made. But the pleas upon which the case was tried did not authorize the introduction of evidence of this character.

We deem it unnecessary to enter upon detailed consideration of the various questions. The evidence shows that the sheriff, in his official capacity, received the money, that it belonged to the plaintiffs, that he was ordered by the court to pay it over to plaintiffs and failed to do so. The other line of defense is excluded by the pleas upon which issue was joined.

Affirmed.