# Wilkinson, Banks & Co. *v.* Buster.

*Action on Promissory Note; Plea of Infancy.*

1. *Infant; contract with voidable at his instance.*—Under the Code of 1886, § 2363—now repealed—a contract made with an infant whose disabilities had been removed, in a county in this State where a certified copy of the decree removing his disabilities had not been filed in the office of the judge of probate for record, was voidable at the option of the infant.

2. *Same; onus on plaintiff suing to show removal of disabilities.* In an action on promissory notes, the interposition of the plea of infancy placed the onus on the plaintiff to show by his pleadings and proof that, the notes sued on were executed within the territorial area within which the decree removing the disabilities of non-age of the defendant was of force.

3. *Minority; defense of when available.*—If a person whose disabilities of non-age had been removed in Alabama, afterwards executed promissory note in the State of Tennessee, made payable in that State, his defense of minority was available to him in a suit brought against him on the notes in the State of Alabama—the presumption being that the common law which fixes the age of majority for both sexes at twenty-one years, prevailed in Tennessee.

4. *Estoppel; what is not to minor.*—It is no estoppel against a minor who executed promissory notes in Tennessee that, at

the time he executed the notes, he represented to the payee of the notes that his disabilities of non-age had been removed by a chancery court in Aiabama.

Appeal from Lawrence Circuit Court.

Tried before Hon. H. C. Speake.

This suit was brought by Wilkinson, Banks & Co. against Samuel M. Buster on two negotiable promissory notes executed to the plaintiffs by the defendant. The defendant pleaded that he was a minor under twenty-one years of age when the notes were executed by him. Replication to this plea, that before the execution of the notes the disabilities of non-age had been removed from the defendant by a decree of the chancery court of Lawrence county, Alabama; and that at the time of entering into the contract the defendant told plaintiffs of the removal of his disabilities, and that he was capable of contracting, and thus estopped himself from pleading minority, as the plaintiffs relied on these statements in entering into contract with him. Rejoinder by defendant that he had removed to the State of Mississippi and was doing business there when he executed the notes, in Tennessee, and that no certified copy of the decree removing his disabilities had been recorded in either of these states; and further that the contract sued on was made and to be executed in the State of Tennessee. The plaintiff joined issue on the rejoinder. On the evidence the court gave the affirmative charge to the defendant.

W. T. Sanders, Lem Banks and D. C. Almon, for appellant.—When the law of a foreign State is relied on it must be pleaded.—*Cubbridge v. Napier*, 62 Ala. 518; *Mobile R. R. Co. v. Whitney*, 39 Ala. 468. And if any presumptpions are indulged the law will presume that the law of the foreign State is the same as the law of the forum.—*Evans v. Covington*, 70 Ala. 440; *Hickman v. Alpaugh*, 21 Cal. 225; *Green v. Rugely*, 23 Tex. 539; 56 Ala. 299; 37 Ala. 289; 51 Ala. 381; *Cribbs v. Adams*, 13 Gray 597. (2). No defense that the notes were made payable in Tennessee.—*Woodward v. Woodward*, 3 Pick. 644.

(3). If a person in his own country has arrived at his majority his act will be valid in another country, although in that country he would be a minor.—3 Am. &

Eng. Ency. Law, 1 ed., p. 515; *Males v. Roberts*, 3 Esp. 163; *Thompson v. Ketchum*, 8 Johns. 189.

W. T. LOWE and JAMES JACKSON, *contra.*—Parties are presumed to contract with reference to the place where the contract is made and is to be executed. Story on Conflict of Laws, p. 98; *Male v. Roberts*, 3 Esp. 163; *Pearl v. Scambrough*, 9 Humph. 426; *Milliken v. Pratt*, 125 Mass. 374; *Akers v. Demond*, 103 Mass. 318; Whart. on Con. Laws, § 101; *Boil v. Maybin*, 52 Ala. 252; *Howley v. Bibb*, 69 Ala. 52. (2). Defendant not estopped.—Tyler on Infancy, § 54; *Merriam v. Cunningham*, 11 Cush. 40.

TYSON, J.—Under the provisions of the Code of 1886, section 2363, a certified copy of the decree relieving an infant of the disability of non-age was required to be recorded in the office of the judge of probate in each of the counties in which such infant shall thereafter reside and in the office of the judge of probate of each county in the State where such minor shall do any business or make any contracts; *and the decree shall not take effect in removing the disabilities of non-age in any case until the decree shall have been recorded in the office of the judge of probate* as provided in this section."

A contract made with an infant whose disabilities of non-age had been removed, in a county in this State where a certified copy of. the decree removing his disabilities had not been filed in the office of the judge of probate for record according to the plain words of the statute was voidable at the option of the infant.

This filing for recordation was made by the very language above quoted a condition precedent to effectuating the decree. The territorial area within which the decree was effective so as to relieve him of this disability is circumscribed and limited to those counties in which a certified copy of the decree was filed for record. If the decree was not filed for record at all then it had no force whatever; if only in one county, its effect is limited to the territorial limits of that county. If he exe-

cuted a note in a county though the decree had been recorded in the county of his residence, when a certified copy of the decree had not been filed for record, he was not deprived of the defense of infancy if sued upon it.

The interposition of the plea of infancy, placed the onus upon the plaintiff by their pleadings and proof to show that the notes sued upon were executed within the territorial area within which the decree removing the disabilities of non-age of the defendant was in force. It was without dispute that these notes were executed in the State of Tennessee and before the defendant had arrived at the age of twenty-one years. The only place as shown by the pleadings and proof in which the decree relieving him from the disability of non-age was ever filed for record was in Lawrence county in this State. Only in Lawrence county was the decree of effect, and as to contracts made by him outside of that county, they were voidable by him at his option. The age of majority is placed by the common law for both sexes at twenty-one years and the presumption prevails in the courts of this State in the absence of proof to the contrary that the common law is in force in the State of Tennessee.—3 Brick. Dig. 122, § 1. So then, the defendant was a minor under the laws of Tennessee and the notes being executed by him there and made payable in that State, the defense was available to him. Being a minor in Alabama, and incapable of executing a binding contract in this State except in the county of Lawrence, there is no room for injecting into this case as has been attempted the question of conflict of laws between the State of Tennessee and this State as to his capacity to contract. Under the laws of each he was a minor with reference to the notes sued upon. There was no error in sustaining the demurrer to plaintiffs' surrejoinder averring that the defendant "having represented to plaintiffs that his disabilities of non-age had been duly removed by chancery court of Lawrence county, Alabama, in which county defendant resided at time of execution of said notes, he is now estopped from setting up the plea of infancy in this forum." At best, this statement if made was the mere opinion of the defendant upon the legal effect of the decree removing his disabil-

37

[Bolin v. Sandlin.]

ity of non-age in Lawrence county. But if construed as a statement of fact, it would not work an estoppel. 10 Am. & Eng. Ency. Law, pp. 670-671 and note 1 on p. 671.

Before concluding this opinion, we wish to call attention to the fact that this provision of the section of the Code of 1886 is not carried into the Code of 1896.

We find no error in the record of prejudice to the appellants. The judgment of the circuit court must be affirmed.

Affirmed.