[Davis Wagon Co. v. Cannon.]

# Davis Wagon Co. v. Cannon.

## Action of Assumpsit.

1. *Filing of plea.*—After the trial of a cause has been entered upon, it is discretionary with the court to permit the plea of the general issue to be subsequently filed; and the exercise of this discretion is not reviewable on appeal.

2. *Assumpsit; general affirmative charge.*—In an action upon an account, where issue is joined upon the plea of payment, and the evidence as to the payment *vel non* is in conflict, the general affirmative charge requested by the plaintiff is properly refused.

3. *Same; charge to the jury.*—In an action upon an account, where the trial is had upon the plea of the general issue and of payment, and there is evidence tending to show that the defendant had never purchased the article alleged to have been sold to him by the plaintiff, and that if he did he paid for it, a charge is properly refused which instructs the jury that "The burden of proof is on the defendant to establish his plea of payment to the reasonable satisfaction of the jury, and if the evidence is equally balanced the plaintiff is entitled to a verdict."

4. *New trials; how refusal considered on appeal.*—An order refusing a new trial on the ground that the verdict was contrary to the evidence, will not be reversed on appeal unless after allowing all reasonable presumption of its correctness, a preponderance of the evidence against the verdict is so decided as to convince the court that it was wrong and unjust.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by the Davis Wagon Company against the appellee, D. W. Cannon, in a justice of the peace court and counted upon an account for goods, wares and merchandise sold by the plaintiff to the defendant. From a judgment in favor of the plaintiff, the defendant appealed to the circuit court. In the circuit court the same complaint was filed as was filed in the justice court, and it alleged that the account sued on was verified by affidavit. The defendant filed a plea of pay-

ment and the trial was entered upon an issue joined on that plea.

The plaintiff introduced in evidence the verified account. The items of the account were wagons sold by plaintiff to the defendant, and the only item in dispute was for a wagon sold by plaintiff to the defendant on November 14, 1898, for $34.

The defendant as a witness in his own behalf testified that he had no recollection of purchasing the wagon from the plaintiff which constituted this item; that in making purchases from the plaintiff he either paid cash for them or gave his note upon the receipt of the wagons; and that he did not remember giving a note for the wagon alleged to have been sold on November 14th, and that if he had purchased the wagon he had paid for it.

During the examination of the defendant as a witness, he was asked if he knew whether or not he ever bought or received from the plaintiff the wagons charged in the account, of date November 14, 1898. The plaintiff objected to this question, on the ground that the only issue before the court was the plea of payment, and that the defendant only interposed the plea of payment in the trial before the justice of the peace. Thereupon the defendant requested the court to be allowed to interpose the plea of the general issue. The plaintiff objected to the defendant being allowed to plead the general issue upon the ground that such plea was not interposed in the trial before the justice of the peace. It was shown that it was a rule in pleading at the Pike county bar that a general appearance amounted to pleading the general issue, and that the defendant had entered a general appearance in this case in the circuit court of Pike county. The court overruled the objection, permitted the defendant to interpose the plea of the general issue, and to this ruling of the court the plaintiff duly excepted. Thereupon the court overruled plaintiff's objection to the question interposed by the defendant, and to this ruling the plaintiff duly excepted. In answer to said question the defendant testified that he did not know whether or not he ever bought the wagon stated in said item of the account.

[Davis Wagon Co. v. Cannon.]

The plaintiff introduced in rebuttal the deposition of a member of the Davis Wagon Company and a travelling salesman who sold the wagon to the defendant. Each of these witnesses testified to the sale having been made and that the defendant had never paid for the wagon in question.

Upon the introduction of all the evidence the plaintiff requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "If the jury believe all the evidence, they will find for the plaintiff." (2.) "The burden of proof is on the defendant to establish his plea of payment to the reasonable satisfaction of the jury, and if the evidence is equally balanced the plaintiff is entitled to a verdict."

There were verdict and judgment for the defendant. Thereupon the plaintiff filed a motion for a new trial upon the following grounds: 1. Because the court erred in permitting the defendant to interpose the plea of the general issue; that plea not having been pleaded before the justice of the peace. 2. That the court erred in overruling the plaintiff's objection to the question asked the defendant while being examined as a witness. 3. Because the verdict of the jury was contrary to the law and evidence. This motion was overruled and the plaintiff duly excepted. The plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

WORTHY & GARDNER, for appellant.—The court erred in allowing the defendant to interpose the plea of the general issue, which was not pleaded in the trial before the justice of the peace.—*McConnico v. Stallworth*, 43 Ala. 389; *Scarbrough v. Blackman*, 108 Ala. 656; *Sullivan v. Bushagel*, 111 Ala. 114; *Lundsford v. Butler*, 102 Ala. 403; *Enis v. Harris*, 103 Ala. 330.

The court erred in refusing to give the second charge requested by the plaintiff.—3 Brick. Dig., 433, § 389; *Lehman v. McQueen*, 65 Ala. 570; *McWilliams v. Phillips*, 71 Ala. 80; *Shulman v. Brantley*, 50 Ala. 81.

E. R. BRANNEN, *contra.*—It was discretionary with the court to permit the defendant to interpose the plea of the general issue during the trial.—*Reed L. Co. v. Lewis,* 94 Ala. 623.

The court did not err in refusing to give the charges requested by the plaintiff.—*Belisle v. Clark,* 49 Ala. 98; *McGehee v. Harrison,* 51 Ala. 522; *Carter v. Shorter,* 57 Ala. 253.

TYSON, J.—Cases appealed from courts of justices of the peace to the circuit court must be tried *de novo.* Code, § 488.

We do not understand that a defendant on the trial in the circuit court is confined to the defenses interposed by him in the justice court. On the contrary, he may interpose any defense of which he may be advised is meritorious, except the one going to the jurisdiction of the justice. In order to avail himself of the defense of want of jurisdiction, he must have made the objection in the lower court.—*L. & N. R. R. Co. v. Barker,* 96 Ala. 435.

Aside from the rule of practice shown to be in force in the circuit court of Pike county, it was entirely within the discretion of the trial judge to allow the plea of the general issue to be filed, and the exercise of that discretion will not be reviewed or controlled on appeal.—*Reed Lumber Co. v. Lewis,* 94 Ala. 626.

On the issue of payment *vel non* the evidence was in conflict. There was, therefore, no error in refusing the affirmative charge requested by plaintiff.

The other charge refused to the plaintiff was also properly refused. Assuming that the evidence shows without conflict a sale by plaintiff, the credibility of the testimony offered to prove the sale was a question for the jury. The charge under consideration pretermitted all reference to that issue and directed a verdict for the plaintiff should the jury find the evidence equally balanced on the issue of payment. Under this instruction the jury would have had to return a verdict for plaintiff, notwithstanding they may have discredited the testimony offered by plaintiff to establish a debt against defendant.

What we have said disposes of all the grounds of the motion for a new trial except the last. As to that ground, under the principles announced in *Cobb v. Malone*, 92 Ala. 630, we cannot affirm that the trial judge was in error in overruling it.

Affirmed.