(81 South. 832)

LOOKER v. GULF COAST FAIR.
(1 Div. 77.)

(Supreme Court of Alabama.   May 1, 1919.)

1. MASTER AND SERVANT ☞315—INJURIES TO SERVANT—INDEPENDENT CONTRACTORS.

Where an employé of independent contractors is injured by the collapse of a building constructed according to plans alleged to be defective, the employé's right of recovery against the owner is not to be viewed in the same light as if hired by him.

2. MASTER AND SERVANT ☞318(2) — INJURIES TO SERVANT—INDEPENDENT CONTRACTORS—SUPERINTENDENCE.

Superintendence reserved to the owner in a building contract does not render him liable to the contractor's servant injured by the collapse of the building constructed according to plans alleged to be defective, where the superintendence is referable alone to guarding of interest of owner to see that contractor does the work as the contract requires.

3. PLEADING ☞34(4) — CONSTRUCTION AGAINST PLEADER.

A pleading will, where at all materially equivocal, be construed against the pleader on hearing on demurrer.

4. PLEADING ☞34(4) — CONSTRUCTION AGAINST PLEADER.

In an action by a servant of an independent contractor against the owner of a structure, on demurrer, a count, equivocal as to whether the negligence which was proximate cause of injury was that of contractor or owner, must be interpreted as ascribing plaintiff's injury, for its proximate cause, to negligence of contractor rather than to any efficient proximately causative negligence on the part of the owner; an equivocal pleading being construed against the pleader.

5. MASTER AND SERVANT ☞319—INJURIES TO SERVANT OF INDEPENDENT CONTRACTORS.

The owner is responsible for the acts of an independent contractor, where the construction is of a character necessarily or inherently dangerous.

6. MASTER AND SERVANT ☞319—INJURIES TO SERVANT OF INDEPENDENT CONTRACTORS.

A grand stand is not so inherently dangerous that the owner becomes liable for injuries

to a servant of an independent contractor, erecting the structure.

**7: MASTER AND SERVANT ⬅︎320—CONSTRUCTION WORK THROUGH INDEPENDENT CONTRACTORS—PLANS.**

An owner, who unreservedly commissions a competent architect to prepare plans for a structure to be erected by an independent contractor, may rely upon their safety, until the care attributed to the ordinarily careful man, likewise circumstanced and informed, suggests a suspension of that reliance.

**8. MASTER AND SERVANT ⬅︎320—WORK OF INDEPENDENT CONTRACTOR—PLANS.**

One who engages independent contractors to construct a building according to such plans prepared by himself is liable for injuries to an employé of the contractors proximately caused by defects in the plans.

**9. MASTER AND SERVANT ⬅︎320 — INDEPENDENT CONTRACTORS—PLANS.**

If an owner of a contemplated building, who has furnished independent contractors plans made by a competent architect is advised of defects in the plans, it is negligence for him to proceed with the erection of the structure.

**10. PLEADING ⬅︎192(6) — DEMURRER — GROUNDS NOT APPEARING ON FACE OF PLEADING.**

Where complaint, in action by servant of independent contractor against owner for injuries, alleged that same were caused by reason of defective plans furnished by owner, it was error for court to sustain a demurrer on ground that plans were furnished by a competent architect, logical order being to overrule demurrer, thereby putting defendant to its plea setting up fact that plans assailed were prepared by a competent architect, thus allowing the plaintiff to reply that, either defendant knew of the averred defect in the plans, etc., or that an ordinarily prudent man would have discovered the presence of the defect.

**11. APPEAL AND ERROR ⬅︎1040(4)—HARMLESS ERROR—RULINGS ON DEMURRER.**

Sustaining of demurrers to counts of complaint was not prejudicial error, where issues tendered by such counts were clearly and correctly submitted to jury and there was no error in the admission or rejection of evidence.

**12. MASTER AND SERVANT ⬅︎329—WORK OF INDEPENDENT CONTRACTORS—PLEADING.**

In action by servant of independent contractor against owner for injuries occasioned by defects in plans, a plea that plaintiff was negligent, in that, while employed about structure and knowing that same was incomplete and not sufficiently braced, nevertheless sought shelter under it during a storm, *held* demurrable, because it was not averred that plaintiff was aware of danger, or that he knew that structure would collapse.

**13. MASTER AND SERVANT ⬅︎329—WORK OF INDEPENDENT CONTRACTORS—PLEADING.**

In action by servant of independent contractor against owner for injuries occasioned by defects in plans, in that plans did not provide for proper braces, a plea that it was a part of

duties of plaintiff to assist in properly bracing the structure, and that he assumed risk of improper bracing, *held* demurrable.

Appeal from Circuit Court, Mobile County; Norville R. Leigh, Jr., Judge.

Action by George C. Looker against the Gulf Coast Fair for damages for injuries by the fall of a grand stand. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

The following is the oral charge of the court referred to in the opinion:

"If a man employs a careful and competent architect to draw him plans and specifications of a building for a designed purpose, or details are given the architect of the kind of building and purpose for which it is to be erected, and if that architect is competent and brings a set of plans which he says are all right, then the man who adopts those plans and specifications would not be liable, notwithstanding the fact that they were imperfect, unless he knew there was something in the plans or specifications which would indicate to a man of ordinary care and prudence that those plans and specifications were defective and improper, and in this case to proceed with the work under those plans and specifications would be necessarily dangerous or intrinsically dangerous."

The following is plea 4, directed to be set out:

Defendant says that the plaintiff was himself guilty of contributory negligence, in this: That the said plaintiff while employed in and about the construction of the said grand stand, and well knowing that the same was incomplete and only in course of construction, and not sufficiently braced to withstand a strong wind, nevertheless sought shelter under the said grand stand during a severe windstorm, and thereby contributed to his own injury caused by the collapse of the said grand stand during the progress of the said windstorm.

Moses Kohn and Aubrey Boyles, both of Mobile, for appellant.

Stevens, McCorvey & McLeod, of Mobile, for appellee.

McCLELLAN, J. This action, in tort for damages, was brought by appellant against appellee; and from judgment, on verdict, for defendant, plaintiff appeals.

The plaintiff suffered personal injuries in consequence of the collapse of a grand stand, "only partially constructed," that Drew & Davis, plaintiff's employers, were then erecting under contract with defendant, on defendant's premises; plans and specifications therefor being made by an architect and furnished the builders. The complaint was amended several times. The theory on which plaintiff mainly relied to fix liability on the defendant was that the plans and specifications, by which the defendant, the owner, en-

gaged Drew & Davis, whose employé plaintiff was, to construct the grand stand, were so improper and defective as that, if faithfully followed, the result from the observance of these plans was to create a necessarily inherently dangerous situation for those under or about the structure. The particular defect in these plans, etc., is alleged in the counts to have been that no "proper permanent bracing" was provided for the structure. The collapse of the structure was attributed in the pleading to the stated particular deficiency; and plaintiff's injury was ascribed, for proximate cause, to the "owner's" negligence in engaging Drew & Davis to construct the building according to plans, etc., deficient in the particular respect defined. It is to be noted that the theory of negligence upon which the plaintiff rested this feature of his complaint was grounded in a fault of the owner that antedated the actual work undertaken by Drew & Davis.

[1] On the trial the facts and circumstances from which the respective parties derive their asserted theories of liability and defense were fully developed in the evidence, unrestricted by the substance or form of the pleading filed by the plaintiff in the cause. It appears, indisputably, from the evidence that Drew & Davis were "independent contractors" in constructing this grand stand; and that the plaintiff was their employé, who bore no contractual relation to the defendant, the owner. In such circumstances, this court well observed in Myer v. Hobbs, 57 Ala. 177, 29 Am. Rep. 719, that the employé of the independent contractor is not viewed in the same light as if hired by the person who ordered the execution of the work. It was further indisputably shown that the structure had not been completed when it collapsed; and that, according to plaintiff's contention, he, as the employé of Drew & Davis, was then engaged in the work to do which he was employed. The case "in fact" disclosed by the evidence supporting plaintiff's claim of liability does not involve, in a predominating sense, considerations and legal principles applicable to and controlling cases where the structure has fallen, to the injury of a third person not employed on the work, "after" the independent contractor has completed his contribution to the building under his contract with the owner. Note of this circumstance was properly taken in Savage v. Ireland, 26 App. Div. 487, 50 N. Y. Supp. 374, 376.

[2-4] Other counts than those proceeding on the unclouded theory of liability, to which we have alluded, were counts 2 and 6. The former (2), in all its stages, sought to predicate negligence, on the part of the owner, of a measure of "superintendence" reserved in the contract or exercised by the owner during the course of construction up to the time the structure collapsed. The evidence did not support this averment of count

2; and hence the court did not err in giving, at defendant's request, an instruction that precluded a verdict for the plaintiff on count 2. The "superintendence" provided for in the contract with Drew & Davis and exercised (if so) by the defendant was alone referable to the guarding of the interest of the owner to see that the "independent contractor" did the work as the contract required. Uppington v. City of New York, 165 N. Y. 222, 59 N. E. 91, 53 L. R. A. 550; Herman v. City of Buffalo, 214 N. Y. 316, 320, 108 N. E. 451; 14 R. C. L. pp. 69, 70. The sixth count, as amended May 28, 1917, attributed the plaintiff's injury, for proximate cause, to the asserted negligence of Drew & Davis (who were not sued), in that these contractors entered upon and undertook the construction of the building in accordance with defective plans furnished by the owner; the particular defect being the absence of adequate provision in the plans, etc., for permanent braces. Applying to the count the familiar rule that a pleading will, where at all materially equivocal, be construed against the pleader on hearing on demurrer, this count must be interpreted as ascribing the plaintiff's injury, for its proximate cause, to the negligence of the contractors, rather than to any efficient, proximately causative negligence on the part of the owner; it not being permissible, in aid of the count, to accept its averments, on hearing on demurrer as alleging that Drew & Davis were servants of the defendant as master, and thereby invoking the doctrine of respondeat superior to vindicate the count against the demurrer. The court did not err in sustaining the demurrer to this amended count, even though the ruling is alone referable to the fifteenth and sixteenth grounds of the demurrer.

[5-9] The general rule that the owner is not responsible for the negligent acts of a competent independent contractor (Chatt. R. R. Co. v. Behrman, 136 Ala. 508, 35 South. 132; 14 R. C. L. p. 79; Mayor, etc., v. McCary, 84 Ala. 469, 4 South. 630) is subject to exceptions which have often found statement in these, among other, books: Mayor, etc., v. McCary, supra; 2 Cooley on Torts (3d Ed.) p. 1089 et seq.; Atlanta R. R. Co. v. Kimberly, 87 Ga. 161, 13 S. E. 277, 27 Am. St. Rep. 231; 1 Shear. & Redf. on Neg. §§ 175, 176. It is unnecessary to present purposes to reiterate these exceptions. The initial pleading and the evidence, under applicable legal rule, restrict the inquiries to a very narrow compass. Since the construction of a building of the type here in question or any ordinary building is not a work constituting, in itself, a nuisance, is not unlawful, and is not of a character necessarily or inherently dangerous within the purview of the exceptions which, in proper cases, prevent the attaching of responsibility to the owner notwithstanding he had let the work to an independent contractor (Richmond v. Sitterding, 101

Va. 354, 43 S. E. 562, 65 L. R. A. 445, 453, 454, 99 Am. St. Rep. 879; 14 R. C. L. p. 88), the liability of this defendant for plaintiff's injury cannot be predicated of the indicated exceptions to the general rule. Writing to the result rather than to particular rulings on pleading, it may be observed that the only lead to this defendant's responsibility must exist, if at all, in the defendant's negligence with respect to the acceptance of the plans and specifications prepared by its architect, and upon which, according to which, it engaged Drew & Davis to construct the building in a skillful, workmanlike manner; the architect being indisputably shown to be competent and the commission of him by the owner to prepare the plans and specifications for the structure contemplated being without reservation, qualification, or interference with respect to the subject-matter of the commission. A competent architect, pursuing an independent profession, is not an insurer of the accuracy or perfection of his work. In preparing plans and specifications he must be faithful and possess and apply the ordinary care and skill of the ordinarily skilled in that profession. 2 R. C. L. p. 400; 5 C. J. pp. 269, 270. Where an owner unreservedly commissions a competent architect, pursuing an independent employment, to prepare plans and specifications for a contemplated structure, the owner may rely upon the safety, efficiency, and sufficiency of the result of the architect's labors and skill until the prudence and care attributed to the ordinarily prudent and careful man, likewise circumstanced and informed, suggests a suspension or withdrawal of that confidence and reliance. 29 Cyc. pp. 431, 434, 469; Savage v. Ireland, 26 App. Div. 487, 50 N. Y. Supp. 369, 374, 375, 376; Joyce v. Constr. Co., 155 App. Div. 586, 140 N. Y. Supp. 663; Burke v. Ireland, 166 N. Y. 305, 59 N. E. 914; Lloyd's Law of Building (2d Ed.) p. 12; 2 Cooley on Torts (3d Ed.) pp. 1095, 1096; Burke v. Ireland, 47 App. Div. 428, 62 N. Y. Supp. 453; 2 R. C. L. p. 400; Fox v. Ireland, 46 App. Div. 541, 61 N. Y. Supp. 1061. But if the owner, "himself," prepares the plans and specifications for the contemplated structure and engages an independent contractor to construct the building according to such plans and specifications he cannot, of course, claim "exoneration" from liability proximately consequent upon defects in the plans and specifications that would have been available to him if he, "without personal negligence on his part," had fully and unreservedly commissioned a professional architect to formulate, prepare, and furnish plans, etc., for the building the independent contractor was engaged to construct according to plans, etc., so furnished by a professional architect. Meier v. Morgan, 82 Wis. 289, 52 N. W. 174, 33 Am. St. Rep. 39, 42.

Where, as stated, the owner, "himself," undertakes to prepare and furnish the plans and specifications for his contemplated structure, and such plans, etc., are faulty or defective, the deficiencies therein are attributable, of course, to the self-serving owner; and when the work done in accordance with his defective plans and specifications, introducing a dangerous element in the act of pursuing them, results in injury and damage to persons who assume no risk and who are not contributorily negligent in the premises, the damnifying act or omission of such owner, though effected by the work of the contractor, places him in the category of tort-feasor, and he is liable alone, or as a joint tort-feasor, with the independent contractor, for the proximately consequent injury and damages; and so, on the wholesome theory that one is responsible for the proximate results of a negligent act done in accordance with his directions, just as if he had done the act himself. The evidence in this case does not, as already indicated, subject the contest to the government of the rule where the owner, without availing of the uncontrolled service of a professional architect, prepares the plans and specifications for the contemplated structure. The employment by the owner (the defendant) of the competent architect to prepare plans and specifications for this structure invested the owner with the right to rely upon, to confide in, the perfection of the product of the professional architect's skill and labor in the premises, until the prudence and care attributable to the ordinarily prudent man, likewise circumstanced and informed, suggests a withdrawal of further reliance in the safety, efficiency, and sufficiency of the plans and specifications. This duty, as well as its limitation, is founded in the observance, the exercise of the degree of care stated, and the failure to meet this obligation to observe this duty, is "negligence"—the sole basis of such an owner's liability for defects in design that proceed from the free, unrestrained exercise by the professional architect of his judgment and skill in providing the design, plans, and specifications. Of course, if the owner is advised of defects in the work of the professional architect, particularly with respect to the safety of the structure independently (of the owner) designed by the architect—as is instanced and illustrated in Board of Com'rs v. Vickers, 62 Kan. 25, 61 Pac. 391—it is negligence in him to proceed with the erection of the structure, even through an independent contractor, the design, plans, and specifications for which are defective; and so proceeding, the owner, so advised, would be liable for injury or damage proximately resulting from the pursuit of such defective design, plans, or specifications.

[10, 11] The plaintiff's case was submitted to the jury on amended counts 1, 3, 4, and 5. Since these counts, in earlier as well as in their final stages, did not disclose the later conclusively proven fact that a competent

architect prepared the plans, etc., for the owner (defendant) and declared upon liability as for defective plans, etc., prepared by the owner, which were so defective as to introduce in construction conditions dangerous to the execution of the plans, etc., it was a mistake to measure their sufficiency, on demurrer, by reference to the rule that "exonerates" the owner where he employs the services of a competent architect to prepare and furnish the plans, etc., for the structure contemplated, and the owner is, himself, not negligent in using such plans, etc., in the erection of the building. The logical order would have been to overrule the demurrer, thereby putting the defendant to its plea setting up the fact that the plans, etc., assailed as defective were the product of the labor and skill of a competent architect; whereto the plaintiff might, if so advised, have replied, specially, that either the defendant knew of the averred defect in the plans, etc., or that an ordinarily prudent man would have discovered the presence of the defect averred in the complaint. However, no prejudicial error could or did result to plaintiff in the rulings on the demurrers to those counts of the complaint, since the meritorious, true issues, tendered by the counts, were clearly and correctly submitted to the jury by the court, and no error in the admission or rejection of evidence intervened to affect the bases for the jury's conclusions on the real issues of fact properly passed to the jury for decision.

The excepted excerpt from the oral charge of the court was a correct exposition of the law of the case. The report of the appeal will reproduce it.

It would have been error to give plaintiff's special request for instruction numbered 1. That request proceeded on the theory, to state it with perhaps undeserved favor to plaintiff, that the mere fact that defendant used these (assertedly) defective plans and specifications as the basis for its contract with the contractors and the structure was being erected in accordance with these (assertedly) defective plans, etc., rendered the defendant negligent; whereas, the defendant's negligence vel non depended upon whether the defendant omitted the exercise of proper care in relying and acting upon the result of the competent architect's labor and skill—a condition not hypothesized in the charge requested.

[12] The report of the appeal will reproduce special plea 4. This plea was subject to the demurrer. It is not averred therein that the plaintiff, when he took shelter under the incomplete structure, was aware of the danger of taking shelter thereunder; or that he knew that the part of the structure where he took shelter, or the whole structure, would collapse under the pressure of the wind, of the severity of which it is not alleged he was aware when he went beneath the grand stand; or that his taking shelter thereunder

was, under the circumstances described in the plea, a course of conduct that an ordinarily prudent man, situated and informed as he was, would not have taken. This plea did not expressly characterize as negligent the course taken by the plaintiff. It is often observed that even actual knowledge of the elements of a dangerous situation is not the equivalent of notice or knowledge of the danger such elements portend. The court erred in overruling the demurrer to plea 4, as stated in the sixth assignment of error.

[13] Plea 6, the demurrer to which was overruled (assignment numbered 8), reads:

"Defendant says that it was a part of the duties of the plaintiff under his employment to assist in properly and safely bracing the grand stand during the course of construction, and he voluntarily assumed the risk of insecure and improper bracings."

This plea sought to interpose, as a bar to a recovery, the plaintiff's asserted assumption of risk of injury resulting from defective plans and specifications declared on in count 1, among others. It was inapt as a bar to a recovery consequent upon the use of plans and specifications in constructing the building that were so defective as necessarily to create dangers to those engaged in observing the plans and specifications so furnished by the owner. The plaintiff bore no contractual relation to the defendant. It is to be assumed that plaintiff, an employé of the contractor, was obliged to follow the plans and specifications supplied to his master by the defendant. It is not averred that the plaintiff knew that the plans and specifications were defective in the respects described in count 1, among others. The counts to which this plea purports to interpose a defense all averred that plaintiff's relation to the work was that of an employé of the builders, not of the owner. The plea does not challenge or deny this averment of plaintiff's relation, and hence he could not be regarded as a "subcontractor." At most, the plea's avowal of fact is that "as a part only" of his duties the plaintiff was but "assisting" in the bracing of the structure, and the pleader's conclusion is that from this very restricted basis and scope of duty the plaintiff assumed the risk of injury from "insecure or improper bracing." Manifestly, the duty averred was not commensurate with the broader assumption of risk sought to be deduced therefrom. According to the averments of the plea, the discharge of the (only partial) duties of the plaintiff could not have brought within the range of his duty the responsibility of safely, securely bracing the structure; and the necessary consequence, under the allegations of the plea, was that there could not be soundly attributed to the plaintiff the assumption of the more comprehensive risk defined in the plea. In caution, it may be again observed that the plea (6) is not inter-

posed by an owner in an action instituted by a contractor; this to exclude from improper effect the factor of duty resting, in proper cases, on a contractor to exercise ordinary diligence to discover defects in design, plans, and specifications for a building he has engaged with the owner to construct. 9 C. J. pp. 735 (§ 73), 753.

For the errors committed in overruling the demurrers to pleas 4 and 6, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.