George Pegram, of Linden, and Rushton, Crenshaw & Rushton, of Montgomery, for appellant.

W. F. Herbert, of Demopolis, J. F. Aldridge, of Eutaw, and Watson & Pasco & Brown, of Pensacola, Fla., for appellee.

140 So. 421

**KIMBRELL v. ST. LOUIS–SAN FRANCISCO R. CO.**

**2 Div. 996.**

Supreme Court of Alabama.

Jan. 21, 1932.

Rehearing Denied March 31, 1932.

478

**KNIGHT, J.**

This is the second appeal in this case. The first appeal is reported in 221 Ala. 505, 129 So. 274, 275. On the first trial, the court, at the request of the defendant, gave the general affirmative charge for defendant on counts 1 and 2. On the second trial; the court again gave the affirmative charge against the same counts 1 and 2. There were verdict and judgment for defendant, and from this judgment the present appeal is prosecuted.

The first trial resulted also in a verdict and judgment for defendant. On the original hearing, this court was of the opinion that the case, made by the evidence, warranted the giving of the affirmative charges for defendant under the first and third counts, but upon rehearing, and a further consideration of the evidence, the court receded from its first conclusion, and held that the "plaintiff's case had support in some tendencies of the evidence on all issues of fact involved and that such tendencies, however inconclusive they may have been, were, under the system long prevailing in the courts of this state, due to be weighed, and the result, in the first place, at least, determined by the jury."

In discussing one of the applicable principles of law of the case, this court said on the first appeal: "Plaintiff in the present case was an employee of an independent contractor. The road was being constructed by the contractor according to plans furnished by defendant. Liability for plaintiff's injuries cannot be imputed to defendant unless upon the ground that the plans furnished were defective for that they directed the contractor to dispense with the use of shims. Looker v. Gulf Coast Fair, 203 Ala. 44, 81 So. 832; Brent v. Baldwin, 160 Ala. 635, 49 So. 343."

The opinion on the former appeal should probably have been more specific in the statement of the tendencies of the evidence necessitating a reversal, as a guide for the trial to follow, and we now state these tendencies.

■ There was evidence tending to show that the defendant, through its engineer, exercised control of the construction to the extent, at least, of requiring the work to be done according to the plans and specifications it furnished, and its subsequent directions with reference thereto, and although it may not have been negligent in furnishing such plans, which, when furnished, as the evidence tended to show, required the placing of shims between the rails as they were laid, so as to provide space to take care of expansion from heat, yet if the defendant's engineer negligently assumed to direct the contractor, or the workmen, to omit the use of shims in laying the rails, and as a proximate consequence, the rails buckled proximately causing plaintiff's injury, the defendant would be liable for the injury, unless plaintiff was guilty of negligence which proximately contributed to his injury, or assumed the risk arising from defendant's negligence. Sloss-Sheffield Steel & Iron Co. v. Hubbard, 14 Ala. App. 139, 68 So. 571.

■ ■ In the absence of notice or knowledge on the part of plaintiff that defendant's engineer had caused the workmen to lay the rails without shims, if this was in fact done, the plaintiff would not be guilty of contributory negligence in using the track for the movement of his car, nor can it be said that he had assumed the risk arising from the negligence of defendant's engineer.

On the former trial much testimony was offered by the respective parties as to the necessity of using shims in the laying of the

rails, to take care of expansion during the warmer weather, and as to what might happen if rails were laid during cold weather, when no shims were used. On this point the testimony was in conflict. It was without dispute that the original plans called for the use of shims, but later instructions were given by defendant's engineer in charge of this construction to dispense with the use of shims. The plaintiff's testimony tended to show that it was necessary to use shims at the place of plaintiff's accident, and that due care required their use even with relay rails; while defendant's testimony tended to show it was unnecessary, and that to have used them would have been of no avail.

Appellant insists, in his brief, that the case made by the evidence upon the present appeal is "even" stronger for the plaintiff than it was upon the first trial. But appellant was not considerate enough to point out to us the fragments of evidence which made his case stronger on the facts. Likewise, appellee tells us, in its brief, that an examination of the record will make it appear to the court that the case made for defendant on this trial is a stronger one than on the first trial. But appellee does not give us any hint as to the particular evidence he has in mind to show that the case made by this record is more favorable for appellee.

So far as we have been able to discover, by a most careful reading of the evidence presented by the record on this appeal, in connection with the transcript of the evidence on the former appeal, there is no substantial difference in the evidence offered on both trials.

The conclusion reached by the court on the former appeal is sound. We adhere thereto. The evidence is substantially the same, though more was possibly offered by each side, but the evidential tendencies, as well as the inferences deducible therefrom, were to the same effect on each side.

Our present conclusion is that the negligence of the defendant, and the injuries of the plaintiff as the proximate result thereof, vel non, as well as the contributory negligence of the plaintiff, vel non, and his assumption of risk, were each questions which, under the tendencies of the evidence, should have been submitted to the jury for their determination.

It follows, therefore, that the court below committed error to a reversal in charging out counts 1 and 2, at the request of defendant. For this error, the judgment appealed from will be here reversed.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.