145 So. 433

## ST. LOUIS–SAN FRANCISCO RY. CO. v. KIMBRELL.

### 2 Div. II.

Supreme Court of Alabama.

Nov. 25, 1932.

Rehearing Denied Jan. 27, 1933.

George Pegram, of Linden, and Rushton, Crenshaw & Rushton, of Montgomery, for appellee.

W. F. Herbert, of Demopolis, and J. F. Aldridge, of Eutaw, for appellant.

**KNIGHT, J.**

This is the third appearance of this case in this court. 221 Ala. 505, 129 So. 274, 275, and 224 Ala. 477, 140 So. 421.

The first assignment of error presents for review here the action of the lower court in overruling the defendant's demurrer to count 3 of the complaint. No argument is here submitted in support of this assignment of error, and, under our uniform ruling, the appellant must be regarded as having waived the same. Futvoye et al. v. Chuites et al., 224 Ala. 458, 140 So. 432; Howell v. Moon, 217 Ala. 421, 116 So. 518; McLendon v. Stough, 218 Ala. 445, 118 So. 647; Ward v. Hood, 124 Ala. 574, 27 So. 245; Ogburn-Griffin Gro. Co. v. Orient Ins. Co., 188 Ala. 218–224, 66 So. 434; Republic Iron & Steel Co. v. Quinton, 194 Ala. 126, 69 So. 604.

The bill of exceptions nowhere recites that it contains all the evidence on the trial, and the recitals of the present bill are not inconsistent with a reasonable supposition that other evidence not shown by the bill was offered during the trial of the cause.

In order that we may here consider and determine the propriety of the court's ruling in refusing the general charge requested in its behalf by the defendant, appellant here, it must affirmatively and clearly appear that the bill of exceptions contains all the evidence before the court and the jury. Lamar v. King, 168 Ala. 285, 53 So. 279; Middlebrooks v. Sanders, 180 Ala. 407, 61 So. 898; Southern Mut. Ins. Co. v. Holcombe's Adm'r, 35 Ala. 328; Dickens v. State, 142 Ala. 51, 39 So. 14, 110 Am. St. Rep. 17; Roberts v. Kemp, 218 Ala. 350, 118 So. 656; Postal Tel. Cable Co. v. Hulsey, 115 Ala. 193, 22 So. 854. Therefore we are not at liberty to review the action of the lower court in refusing the general charge, under either count of the complaint, or under the complaint as a whole, which was requested by the defendant.

The appellant has also submitted an elaborate and carefully prepared brief in support of its sixth assignment of error, which presents for our review the propriety of the court's action in overruling defendant's motion for a new trial. For the failure of the bill of exceptions to show that it contains all the evidence, the appellant can take nothing by this assignment of error.

The ruling of the court in sustaining plaintiff's motion to strike defendant's special plea, which we have numbered for convenience plea 4, and which appears in the report of the case, is made the basis of appellant's second assignment of error. The propriety of the court's action in striking this plea is properly presented for review here. Code, § 9459; Formby v. Whitaker (Ala. Sup.) 142 So. 536.[1] When this plea was filed, this cause had been twice tried in the circuit court, and twice reversed here, and it was not offered until after the third trial had been entered upon and a number of witnesses had been examined. The filing of the plea, at this late stage of the case, was a matter addressed to the sound discretion of the court. In view of the long delay in filing the plea, we cannot affirm that the discretion lodged with the trial court was abused. That additional pleas cannot be filed after the period prescribed by law has expired, or after entry upon the trial, except at the discretion of the trial court, has been repeatedly held by this court, and must now be regarded the settled and established rule prevailing in this state. Craig & Co. v. Pierson Lumber Co., 179 Ala. 535, 60 So. 838; Jones v. Ritter's Adm'r, 56 Ala. 270; Steele v. Tutwiler, 57 Ala. 113; Donald v. Nelson, 95 Ala. 111, 10 So. 317; Foster v. Bush, 104 Ala. 662, 16 So. 625; Walker v. English, 106 Ala. 369, 17 So. 715; Hightower v. Ogletree, 114 Ala. 94, 21 So. 934; Chandler v. Riddle, 119 Ala. 507, 24 So. 498; Lytle v. Bank of Dothan, 121 Ala. 215, 26 So. 6; Davis Wagon Co. v. Cannon, 129 Ala. 301, 29 So. 841; Leader v. Mattingly, 140 Ala. 444, 37 So. 270; Cahaba Southern Mining Co. v. Pratt, 146 Ala. 245, 40 So. 943.

The appellant seeks to predicate error upon the refusal of the court to give, at its written request, charge 6, which is set out in the report of the case. Pretermitting consideration of whether this charge asserts a sound proposition of law, and as to whether the charge, as insisted by appellee, was covered by the court in its oral charge, this court will not reverse the trial court where the charge uses the word "believe" instead of the correct term "reasonably satisfied"; this last term being the appropriate term expressing the degree of conviction essential to establish an issue of fact in a civil case. Under the uniform rulings of this court, reversible error will not be predicated on the giving or refusal of such charges. Birmingham Belt R. Co. v. Nelson, 216 Ala. 149, 112 So. 422; Conway v. Robinson, 216 Ala. 495, 113 So. 531; Ex parte State ex rel. Attorney General, 211 Ala. 1, 100 So. 312; Farmers' & Merchants' Bank v. Hollind, 200 Ala. 371, 76 So. 287; Jefferson County v. Parker, 211 Ala. 289, 100 So. 338; Oliver's Garage v.

---

[1] 225 Ala. 154.

Lowe, 212 Ala. 602, 103 So. 586; Tyler v. Birmingham Realty Co., 207 Ala. 210, 92 So. 264.

■ Charge 1, given at the request of the plaintiff, asserts a correct proposition of law, and was given without error. Looker v. Gulf Coast Fair, 203 Ala. 42, 81 So. 832.

The appellant's fifteenth assignment of error is as follows: "The court erred in sustaining the objection of the plaintiff to the following question to the witness Roland: 'Did you or not bring to his attention the particular place near the trestle?' "

■ The record discloses no such question. The record does disclose the following question was propounded by the plaintiff to the witness Roland: "Did you or not bring to his attention this bad place near the trestle?" The record also shows an objection and exception by the defendant. In the use of the word "particular," the assignment is without foundation, as no such ruling was made by the court with respect to "particular" place. As was said by this court in the case of Driver v. King, 145 Ala. 585, 40 So. 315, 319, "we are without power to correct the assignment of error, and cannot review the question sought to be presented by it." However, we have read the testimony of this witness, and we find that he had covered the matters inquired about in previous testimony, and we further find no suggestion was given the court by counsel of what he expected the answer of the witness to be. Flowers v. Graves et al., 220 Ala. 445, 125 So. 659.

This brings us down to a consideration of appellant's twenty-fifth assignment of error, which is: "The court erred in overruling the objection of the defendant to the following portion of the court's charge to the jury: 'as a matter of law it is the duty of the defendant to furnish a safe place for the plaintiff to work.' "

A reading of the court's charge shows that the words used by the court were: "The Frisco, being the owner of the property, would be required under the law, to provide a safe place for the plaintiff to do and perform his work." It further appears that, in using these words, the court was merely stating to the jury the contention of the plaintiff, and was not laying down an applicable principle of substantive law for the guidance of the jury. The appellant's argument attempts to isolate the words from the context, and to remove them from their setting in such sort of way as to make it appear that the court instructed the jury that the defendant owed the plaintiff the duty of providing him with a safe place to perform his work. The appellant evidently realized that the construction now placed by us upon the charge would, or might follow, for, in its brief, we find, in discussing this exception, the following:

"The court, on page 108, stated the contentions of the plaintiff, but as the charge is transcribed, a comma occurs at what is evidently intended to be the end of the statement of contentions. Before the word 'even' apparently there should be a period and that word begun with a capital." Suffice it to say, it is not so written in the bill of exceptions which was prepared by able counsel.

Counsel, in stating that a comma occurs at what was evidently intended to be the end of the statement of "contentions," evidently overlooks the fact that such was not so intended by the court, for the next two succeeding sentences commence with the words "Plaintiff contends."

Furthermore, we find no such literal statement in the court's oral charge as is made the basis of assignment No. 25.

The foregoing disposes of all errors assigned which have been here argued by appellant. We find no reversible error in the record, and the judgment of the circuit court must be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.