160 So. 244

### RASMUS et al. v. SCHAFFER.
#### I Div. 851.

Supreme Court of Alabama.
Feb. 28, 1935.

Rehearing Denied April 4, 1935.

Outlaw & Seale, of Mobile, for appellee.

J. G. Bowen, of Mobile, for appellants.

FOSTER, Justice.

This is an action against a justice of the peace and the surety on his official bond in two counts, trover and trespass. Both

counts allege that defendant as justice of the peace directed the constable to seize an automobile then owned by plaintiff and in his possession; and count 1 alleges that he ordered the constable to sell it, to satisfy an execution issued by the justice on a judgment he had rendered against another, one Browning. The constable thereby committed a trespass, and was liable also for the conversion of the car, if those allegations were true. And if the justice directed him to do so, both were liable to suit in trover and in trespass. Stallings v. Gilbreath, 146 Ala. 483, 41 So. 423; Pickett v. Richardson, 223 Ala. 683, 138 So. 274.

Both counts allege that the defendant as justice of the peace did so wrongfully order and direct the constable. If so, he was liable officially, as was the surety on his official bond. Section 2612, subd. 3, Code; Pickett v. Richardson, supra.

Such an order was wholly outside of the general jurisdiction of the justice, since section 7835, Code, has no application to him. Chaney v. Burford Lumber Co., 138 Ala. 315, 31 So. 369; Mitchell v. Corbin, 91 Ala. 599, 8 So. 810.

So that the order, as the complaint shows, was not such a judicial act in the line of his general jurisdiction as to protect him from liability for participation in the trespass and conversion. Broom v. Douglass, 175 Ala. 268, 57 So. 860, 44 L. R. A. (N. S.) 164, Ann. Cas. 1914C, 1155; Pickett v. Richardson, supra.

The complaint was very full in its allegations, and was sufficient against the demurrer addressed to it, each count separately.

After pleadings have been settled and the cause tried in which there was a mistrial, and it is reset, the court may in its discretion refuse to allow the filing of additional pleas setting up entirely new defenses. Massachusetts Mut. Life Ins. Co. v. Crenshaw, 195 Ala. 263, 70 So. 768; Craig & Co. v. Pierson L, Co., 179 Ala. 535, 60 So. 838; Jones v. Ritter's Adm'r, 56 Ala. 270; Steele v. Tutwiler, 57 Ala. 113; Donald v. Nelson, 95 Ala. 111, 10 So. 317; Foster v. Bush, 104 Ala. 662, 16 So. 625; Walker v. English, 106 Ala. 369, 17 So. 715; Hightower v. Ogletree, 114 Ala. 94, 21 So. 934; Chandler v. Riddle, 119 Ala. 507, 24 So. 498; Lytle v. Bank of Dothan, 121 Ala. 215, 26 So. 6; Davis Wagon Co. v. Cannon, 129 Ala. 301, 29 So. 841; Leader v. Mattingly, 140 Ala. 444, 37 So. 270; Cahaba Southern Mining Co. v. Pratt, 146 Ala. 245, 40 So. 943.

There was no error in refusing appellant's motion to file plea "A–4" under such circumstances.

Appellant also contends that there was a variance entitling him to the affirmative charge.

Both the complaint and the evidence show that the justice had rendered a personal judgment against one Browning, issued an execution, and placed it with the constable. The evidence shows that the execution was addressed "To the sheriff of Mobile County." The complaint, in both counts, alleges that the "writ was duly issued to a constable of said court for execution." But the complaint does not allege that the writ recited that it was directed to the constable. Its issuance and recitals are not the same. One is that the justice performed the ministerial act of preparing and signing it, and placing it in the custody of the constable for execution. The other is a description of the contents of the writ. The writ could recite that it is directed to the sheriff, and at the same time be issued to the constable for execution, and not thereby create a variance. Moreover, rule 34 of the circuit court, Code 1923, vol. 4, p. 906, was not complied with.

Appellant also contends that evidence is to the effect that he was acting judicially, and not subject to suit. But there is evidence that the constable seized the automobile in possession of and owned by plaintiff, and carried it to defendant's residence. One phase of it is that the constable called up defendant over the telephone, and that he so instructed the constable. On the day of sale defendant issued an order and placed it in the hands of the constable, though addressed to the sheriff, in which he ordered the sale of the car for cash to the highest bidder as advertised. This order was signed by him as justice of the peace. It was under color of his office, but wholly outside his general jurisdiction.

The justice is not excusable because the order was addressed to the sheriff, since he placed it in the hands of the constable for his benefit and direction. Neither can he excuse himself on the theory that it was only for the sale of Browning's interest in the car. It does not so recite. It contemplates an effectual sale, depriving plaintiff of the ownership and possession.

Plaintiff was shown to be in possession under a conditional sale contract, the title

**248**

reserved in the seller to secure the purchase price. That situation does not preclude a recovery in this suit. Lowery v. L. & N. R. R. Co., 228 Ala. 137, 153 So. 467; Smith v. L. & N. R. R. Co., 208 Ala. 440, 94 So. 489; Stephens v. Head, 138 Ala. 455, 35 So. 565; Butler Cotton Oil Co. v. G. H. Campbell & Son, 16 Ala. App. 445, 78 So. 643; Cook v. Patterson, 35 Ala. 102.

For the reasons we have stated, we think that appellant was not due the general charge. The other special refused charges are all treated by appellant in brief, jointly. The brief does not sufficiently discuss them to justify us in reviewing each separately.

The other assignments of error occurring prior to the reception of the verdict are obviously without merit.

■■■■ On motion for a new trial evidence was submitted without dispute that the verdict was received at recess by the clerk in the presence of the parties, and their counsel; the clerk then and there read the verdict aloud and discharged the jury; and when the court reconvened the judge entered the verdict on the docket. It was also found, and the fact was known and certified by the judge, that after the jury retired, he asked in a loud voice if the parties consented for the clerk to receive the verdict. Plaintiff's counsel expressed his assent. Defendant and his counsel were nearer to the judge and expressed no dissent. And the evidence showed that they were present when the clerk received and read the verdict, and expressed no dissent, and made no request to have the judge called.

We think those facts sufficiently manifest an assent, and appellant is not now empowered to deny it. It is true that the verdict should be returned into open court, and received by the presiding judge, but by consent of the parties in a civil suit, as in a misdemeanor trial, the clerk may receive the verdict in the absence of the judge. 64 Corpus Juris, 1057, 1058, note 50; Brown v. State, 63 Ala. 97; Cowart v. State, 147 Ala. 137, 41 So. 631; Wells v. State, 147 Ala. 140, 41 So. 630.

We think that the verdict was amply supported by the evidence, and do not find reversible error.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.